**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JUAN MELENDEZ, | **Hon. Jerome B. Simandle** |
| Petitioner, | Civil Action No. 09-3266 (JBS) |
| v. | **OPINION** |
| J. GRONDOLSKY, |  |
| Respondent. |  |

**APPEARANCES:**

    JUAN MELENDEZ, #53899-066
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640
    Petitioner Pro Se

**SIMANDLE, District Judge**:

    On April 17, 2009, Juan Melendez, an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Pennsylvania. By Order entered June 2, 2009, United States District Judge Bruce W. Kauffman transferred the action to this Court. Having thoroughly reviewed Petitioner's submissions, this Court will summarily dismiss the Petition without prejudice. See 28 U.S.C. § 2254 Rules 1(b), 4, applicable to § 2241 cases through Rule 1(b).

## I. BACKGROUND

By judgment entered September 11, 2003, Judge Kauffman sentenced Petitioner to a term of 119 months based on his conviction for conspiracy to distribute cocaine base, heroin and cocaine in violation of 21 U.S.C. § 846. See United States v. Melendez, Crim. No. 99-0711 judgm. (E.D. Pa. Sept. 11, 2003). Petitioner thereafter filed a motion to vacate the sentence, pursuant to 28 U.S.C. § 2255. Id. at docket entry #753. After appointing counsel for Petitioner, Judge Kauffman denied the motion by Memorandum and Order entered October 4, 2006. Id. at docket entry #873. On April 14, 2008, Petitioner filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Id. at docket entry #949. By Order entered May 8, 2008, Judge Kauffman granted the motion and reduced Petitioner's total sentence of imprisonment from 119 months to 107 months. Petitioner's projected release date is September 22, 2010. See Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/ InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&ID Type=IRN&IDNumber=53899-066&x=79&y=20 (last accessed Oct. 7, 2009).

Petitioner executed the Petition before this Court on April 14, 2009. The Clerk of the United States District Court for the Eastern District of Pennsylvania received and filed the Petition on April 17, 2009. See Melendez v. Grondolsky, Civ. No. 09-1667

(BWK) (E.D. Pa. filed Apr. 17, 2009). By Order entered June 2, 2009, Judge Kauffman transferred the case to this Court because Petitioner did not challenge the sentence and he was incarcerated in the District of New Jersey when he filed the Petition.  Id.

Using a form to be used by federal prisoners filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, Petitioner indicates that the Petition concerns the aforesaid sentence.  In response to the directive in paragraph 10 to state every ground on which the petitioner claims that he or she is being unlawfully held, Petitioner wrote "N/A."  (Pet. ¶ 10.)  In response to the question asking the petitioner to state why the remedy by way of a § 2255 motion is inadequate or ineffective to test the legality of the detention, Petitioner wrote:

> A § 2255 is not the proper vehicle to use at this time because the petition[er] is being held unlawfully in prison.  Therefore, a § 2241 at this time is the right vehicle to use to show that a petitioner is being held unlawfully.

(Pet. ¶ 13.) Petitioner asks the Court to grant him the relief to which he may be entitled.  Id. ¶ 15.)

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) provides:

> **Form.**  The petition must:

>     (1) specify all the grounds for relief
>     available to the petitioner;
>
>     (2) state the facts supporting each ground;
>
>     (3) state the relief requested;
>
>     (4) be printed, typewritten, or legibly
>     handwritten; and
>
>     (5) be signed under penalty of perjury by the
>     petitioner or by a person authorized to sign
>     it for the petitioner under 28 U.S.C. § 2242.

28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 cases through Rule 1(b).

Habeas Rule 4 requires a judge to sua sponte dismiss a petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856. Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief," Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989), or the petition contains only vague and conclusory allegations, see United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); United States v. Dawson, 857 F. 2d 923, 928 (3d Cir. 1988).

4

The Supreme Court recently explained the pleading requirements under the Habeas Rules as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

### III. DISCUSSION

Petitioner invokes this Court's jurisdiction under 28 U.S.C. § 2241, which provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review by a federal court under § 2241(c)(3), the petitioner must satisfy two jurisdictional requirements:  the status requirement that the petitioner be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

The face of the Petition, as amended, indicates that Petitioner satisfies the status requirement because he is incarcerated at FCI Fort Dix in New Jersey.  However, the Petition is subject to dismissal for two reasons.  First, the Petition does not satisfy the substance requirement because Petitioner does not specify grounds asserting that his detention violates the Constitution, laws or treaties of the United States.  See Maleng, 490 U.S. at 490.  Second, the Petition is subject to

6

summary dismissal pursuant to Rules 2 and 4 of the Habeas Rules, see 28 U.S.C. § 2254 Rules 2 & 4, applicable to § 2241 petitions through Rule 1(b).  See Anderson v. Pennsylvania Attorney General, 82 Fed. Appx. 745, 749 (3d Cir. 2003); United States v. Thomas, 221 F.3d at 437.  Under these circumstances, this Court will dismiss the Petition without prejudice to the filing of a new petition which sets forth grounds for relief.[1]

## IV. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition without prejudice.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE, U.S.D.J.

Dated:  **October 13**  , **2009**

---

[1] In the event that Petitioner seeks to bring a new petition challenging the calculation of his release date by the Bureau of Prisons, Petitioner should be aware that such a claim must be administratively exhausted before the Bureau of Prisons through the three-step administrative remedy program prior to filing a § 2241 petition.  See, e.g., Moscato v. Federal Bureau of Prisons, 98 F. 3d 757, 761-62 (3d Cir. 1996); 28 C.F.R. § 542.10(a).

7